IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 26, 2000

## SLATER BELCHER v. STATE OF TENNESSEE

**Post-Conviction Appeal from the Criminal Court for Blount County**
**No. C-8931, C-8997     D. Kelly Thomas, Jr., Judge**

_____

**No. E1999-02287-CCA-R3-PC**
**October 10, 2001**
_____

JOSEPH M. TIPTON, J., concurring.

I concur in the results reached and most of the reasoning in the majority opinion. However, I disagree with its conclusion that under State v. Huddleston, 924 S.W.2d 666 (Tenn. 1996), interrogating officers in Tennessee do not have a duty to ask clarifying questions when the defendant makes an equivocal request for an attorney.

I believe that we are bound by State v. Stephenson, 878 S.W.2d 530, 548 (Tenn. 1994), which holds, in part, that under article I, section 9 of the Tennessee Constitution an equivocal request limits further police interrogation to the issue of clarifying the desire for counsel. In Huddleston, the defendant raised the issue and our supreme court resolved the issue solely with respect to the Fifth Amendment to the United States Constitution. Neither Stephenson nor the Tennessee constitutional requirements were at issue. I cannot ignore binding precedent or infer that the court overruled itself in Huddleston without mentioning either Stephenson or the Tennessee Constitution. In this respect, I rely upon my analysis of the equivocal request for counsel issue in Tennessee provided in my concurring opinion in State v. John M. Ake, Williamson County, No. 01C01-9603-CC-00094 (Tenn. Crim. App. June 6, 1997) app. denied (Tenn. 3/9/98).

On the other hand, I agree with the majority opinion that the record reflects that counsel made a reasonable strategic decision to allow the petitioner's recorded statement into evidence. Thus, the petitioner did not receive the ineffective assistance of counsel.

_____
JOSEPH M. TIPTON, JUDGE